IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| LUIS PARRA RIVERA, | : | |
| | : | |
| Movant/Defendant, | : | |
| | : | |
| v. | : | Civ. A. No. 05-502-JJF |
| | : | Cr. A. No. 04-125-JJF |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |


MEMORANDUM OPINION[1]

---

Luis Parra Rivera. Pro se Movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

May 9, 2008
Wilmington, Delaware

---

[1]This case was originally assigned to the Vacant Judgeship, and was re-assigned to the undersigned on January 30, 2008.

Farnan, District Judge

Luis Parra Rivera ("Movant") filed a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255.[2] (D.I. 20.) Respondent filed an Answer in opposition, and Movant filed a Reply. (D.I. 33; D.I. 35.) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

Movant was convicted of second degree burglary in Riverside, California, in July 1999, and he was deported to Mexico in July 2000. (D.I. 8.) In May 2004, a Delaware state agency notified the Bureau of Immigration and Customs Enforcement ("ICE") that Movant was in the custody of Delaware State Police after being picked up for shoplifting and that he would be incarcerated at the Sussex Correctional Institute ("SCI") in Georgetown, Delaware. (D.I. 1.) On August 2, 2004, Movant was convicted of two counts of shoplifting over $1,000 and second degree conspiracy in the Delaware Superior Court in Sussex County, Delaware. The Delaware Superior Court sentenced Movant to 2

---

[2] Movant was still incarcerated in federal prison when he filed the instant Motion, and the record reveals that he is presently serving the supervised release portion of his federal sentence. Therefore, Movant is still in custody for § 2255 purposes. See United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

1

years imprisonment on each charge, suspended after serving 90 days. Id. at Affidavit.

On October 26, 2004, ICE agents filed a deportation related detainer at SCI, where Movant was housed. Later that day, Federal authorities filed a criminal complaint against Movant, charging him with Re-Entry After Deportation in violation of 8 U.S.C. § 1326. On November 18, 2004, a one count indictment was returned charging Movant with re-entry after deportation. On January 5, 2005, following a guilty plea hearing before the Honorable Kent A. Jordan, Movant entered a guilty plea to the sole charge asserted in the indictment. See (D.I. 14.) Judge Jordan sentenced Movant to 24 months of incarceration and 2 years of supervised release on April 5, 2005. (D.I. 18.)

Movant timely filed a § 2255 Motion. Respondent filed an Answer in opposition. The Motion is ready for review.

## II. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. After reviewing the record and filings in this case, the Court concludes that the record

definitively establishes that Movant is not entitled to relief. Therefore, the Court concludes that an evidentiary hearing is not required.

### III. DISCUSSION

Movant asserts that counsel provided ineffective assistance by failing to move for a sentence adjustment or credit reflecting the time he served on his Delaware sentence. Movant has properly raised his ineffective assistance of counsel claim in a § 2255 motion rather than on direct appeal. See United States v. Garth, 188 F.3d 99, 107 n.11 (3d Cir. 1999); United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996); see also United States v. Swint, 2000 WL 987861, at *5 (E.D.Pa. July 17, 2000). To prevail on his ineffective assistance of counsel claim, Movant must satisfy the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under Strickland's first prong, Movant must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Id. at 688. Under the second prong of the Strickland test, Movant must affirmatively show that counsel's deficient performance prejudiced his case. Strickland, 466 U.S. at 692-93.

3

After reviewing the instant claim within the framework provided by Strickland, the Court concludes that counsel did not provide ineffective assistance. As an initial matter, Judge Jordan was not authorized to provide the type of sentence credit or adjustment sought by Movant. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)(counsel does not perform ineffectively by failing to raise meritless objections or arguments). First, to the extent Movant asserts that counsel should have requested credit for time served, only the Attorney General of the United States has the power to grant sentencing credit, and the Attorney General has delegated that role to the Bureau of Prisons, not to judges. United States v. Wilson, 503 U.S. 329 (1992); Ruggiano v. Reish, 307 F.3d 121, 131 (3d Cir. 2002). Second, although Movant argues that United States Sentencing Guideline ("U.S.S.G.") § 5G1.3(c) authorized a sentencing adjustment by way of concurrent sentencing in this case, he is mistaken. Section § 5G1.3(c) authorizes a judge to impose a federal sentence concurrently with a prior undischarged sentence. However, Movant was not subject to a prior undischarged sentence because he had already completed his Delaware sentence[3] when Judge Jordan sentenced him in April 2005

---

[3]Although Movant was sentenced to two years imprisonment at Level V, the sentence was suspended after 90 days. Therefore, Movant's Delaware sentence was "discharged" for the purposes of the Federal sentencing guidelines because he was no longer "imprisoned" in Delaware by the time he was sentenced in this

4

for violating 8 U.S.C. § 1326. Therefore, concurrent sentencing under § 5G1.3(c) was not an option for Movant.[4]

And finally, although counsel did not file a motion requesting a sentencing adjustment on the basis of Movant's Delaware sentence, counsel did ask Judge Jordan to sentence Movant to the low end of the guidelines range (18 months) in order to account for time served by Movant in a Delaware prison prior to his appearance in Federal Court. (D.I. 32, at p.5.) Judge Jordan declined that request. Id. Accordingly, for all of these reasons, the Court will deny Movant's ineffective assistance of counsel claim as meritless.

### IV. PENDING MOTIONS

Movant filed two Motions to Proceed In Forma Pauperis, as well as a Motion for Appointment of Counsel. (D.I. 23; D.I. 27.)

---

Court. Cf. United States v. Pray, 373 F.3d 358, 362 (3d Cir. 2004)(holding that a person on parole is not serving an undischarged sentence because he is not physically imprisoned).

[4] Nor was Movant entitled to have his Federal sentence imposed concurrently with his Delaware sentence under U.S.S.G. § 5K2.23, which permits concurrent sentencing when the prior sentence is already discharged. To be eligible for concurrent sentencing under § 5K2.23, the completed term of imprisonment must have resulted from conduct related to the instant offense of conviction, and that conduct must have been the basis for an increase in the offense level for the instant offense. See, e.g., United States v. Reeves, 226 Fed. Appx. 234 (Table), 2007 WL 1034829, at *3 (3d Cir. Apr. 6, 2007)(non-precedential). Here, Movant was convicted in Delaware for shoplifting and conspiracy, offenses arising from conduct that is completely unrelated to his Federal conviction for re-entry after deportation.

Based on the representations contained in his application, the Motions To Proceed In Forma Pauperis are granted. (D.I. 23; D.I. 27.)

As for Movant's request for representation, Movant has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). The Court has concluded that Movant's claim for relief under § 2255 is without merit. Therefore, the Court will deny the Motion For Appointment Of Counsel as moot.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant § 2255 Motion does not warrant habeas relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**VI. CONCLUSION**

For the reasons stated, the Court will deny Movant's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence without an evidentiary hearing, and will not issue a certificate of appealability. An appropriate Order will be entered.

7

**VI. CONCLUSION**

For the reasons stated, the Court will deny Movant's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence without an evidentiary hearing, and will not issue a certificate of appealability. An appropriate Order will be entered.